IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| Mt. Hawley Insurance Company, | ) | Civil Action No. 2:19-2550-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Carriage Hill Associates of Charleston, LLC; DI Associates, LLC; and The Oaks at Riverside South Property Owners Association, Inc., | ) | |
| Defendants. | ) | |

Before the Court is Mt. Hawley Insurance Company's motion for judgment on the pleadings. (Dkt. No. 33.) For the reasons set forth below, the motion is granted.

I. **Background**

This is an insurance coverage action in which Mt. Hawley Insurance Company ("Mt. Hawley") seeks a declaration that, under the terms of policies issued to Carriage Hill Associates of Charleston, LLC ("CHAC"), it has no duty to indemnify or defend two underlying lawsuits arising from water damage to a condominium project in Berkeley County, South Carolina.

II. **Legal Standard**

A. **Motion for Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-cv-281-PMD, 2013 WL 4585873 at *2 (D.S.C. Aug. 28, 2013) (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). Rule 12(c) motions limit the district court's

review to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1 (internal citations omitted). Like a motion to dismiss under Rule 12(b)(6), a Rule 12(c) motion calls for the pleadings to be construed in the light most favorable to the non-movant. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004)).

**B.     Insurance Policy Interpretation**

Insurance policies are subject to general rules of contract construction. *Sloan Const. Co. v. Central Nat's Ins. Co.*, 236 S.E.2d 818, 819 (S.C. 1977). The court must give policy language its plain, ordinary and popular meaning. *Fritz-Pontiac-Cadillac-Buick v. Goforth*, 440 S.E.2d 367, 369 (S.C. 1994). Ambiguous or conflicting terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer. *Spinx Oil Co. v. Federated Mut. Ins.*, 427 S.E.2d 649, 651 (S.C. 1993). However, if the intention of the parties is clear, courts have no authority to "rewrite it or torture the meaning of a policy" to extend or defeat coverage that was never intended by the parties. *Torrington Co. v. Aetna Casualty and Sur. Co.*, 216 S.E.2d 547, 643 (S.C. 1997). Insurance policy exclusions are construed most strongly against the insurance company, which also bears the burden of establishing the exclusions' applicability. *Owners Ins. Co. v. Clayton*, 614 S.E.2d 611, 614 (S.C. 2005). Nonetheless, insurers have the right to limit their liability and to impose conditions on their obligations, provided that they are not in contravention

of public policy or a statutory prohibition. *South Carolina Farm Bureau Mut. Ins. Co. v. Dawsey*, 638 S.E.2d 103, 104 (S.C. Ct. App. 2006).

## II.     Discussion

In the first underlying lawsuit, the Oaks at Riverside South Property Owners' Association, Inc. (the "South Building HOA") alleges that CHAC was negligent and breached the implied warranty of workmanlike service relating to its performance as the construction manager, contractor or subcontractor that provided labor, materials and construction services to the condominium project's South building, which experienced repeated water intrusion and other damage from leaks alleged to be the result of specific construction defects that were in violation of various building codes and required repair. (Dkt. No. 28-22 ¶¶ 18, 20, 22, 26-27, 29, 31, 69, 72, 74, 79-80.)[1] In the second underlying lawsuit, DI Associates, LLC ("DIA"), the project's developer, brings the same two claims against CHAC as general contractor for the North and South buildings, seeking damages for repairs DIA made to remedy water intrusion resulting from defects such as leaking transoms and incorrectly installed or missing flashing. (Dkt. No. 28-20 ¶¶ 7, 17, 21, 29.)[2]

### A.     The 2005-2006 Policy

The Court first considers whether Mt. Hawley has a duty to indemnify or defend under the 2005-2006 policy it issued to CHAC, which provided a coverage period of January 20, 2005 to January 20, 2006. (Dkt. No. 28-4 at 2.) The 2005-2006 policy's terms provide coverage for

---

[1] *The Oaks at Riverside South Property Owners Association, Inc. v. DI Associates, LLC; Carriage Hill Associates of Charleston, LLC; Charleston Landmark Builders, LLC; Lesco Restorations, Inc.; and John Doe Contractors and Subcontractors 4-20*, 2019-CP-08-00092.

[2] *DI Associates, LLC v. Carriage Hill Associates of Charleston, LLC and Pella Window and Doors, LLC*, 2019-CP-08-02124.

property damage that "occurs during the policy period." (*Id.* at 4.) Appended to Mt. Hawley's amended pleadings in this action is a City of Charleston Foundation Only Permit issued to CHAC on August 4, 2006 and a City of Charleston Residential Building Permit issued to CHAC on May 17, 2006. (Dkt. Nos. 28-19 at 1, 28-21 at 88.) *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 661 S.E.2d 791, 798 (S.C. 2008) (noting that "the duty to defend may also be determined by facts outside of the complaint that are known to the insurer"); *see also City of Hartsville v. S.C. Mun. Ins. & Risk Financing Fund*, 677 S.E.2d 574, 578 (S.C. 2009), *BP Oil Co. v. Federated Mut. Ins. Co.*, 496 S.E.2d 35, 39 (S.C. Ct. App. 1998). Construing Mt. Hawley's amended pleading in a light most favorable to HCAC, it reflects no material issue of fact as to whether HCAC's work on the project occurred after January 20, 2006 and, therefore, outside the coverage period. The Court therefore finds that Mt. Hawley has no duty to indemnify or defend either lawsuit under the 2005-2006 policy.

**B.     The 2006-2007 Policy, 2008-2009 Policy, and 2009 Policy**

The Court next considers whether Mt. Hawley has a duty to indemnify or defend under the remaining policies at issue, which collectively provided a coverage period of February 8, 2006 through May 8, 2009[3] and contain the following Exclusions.

**2. Exclusions**

This insurance does not apply to:

h. Damage to Property

"Property Damage"[4] to:

---

[3] Mt. Hawley argues that it canceled the 2009 policy on May 1, 2009, which CHAC denies.

[4] "Property damage" is defined as:

> a. Physical injury to tangible property; including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

(5) That part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf have performed or are performing operations, if the "property damage" arises out of those operations.

(6) Any property that must be repaired or replaced because "your work" was incorrectly performed.[5]

Paragraph (6) of this exclusion only applies to "property damage" included in the "products-completed operations hazard."[6]

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Dkt. Nos. 28-4, 28-7, 28-10, 28-13, 28-16.)

[5] "Your work" is defined as:

a. Means:

(1) Work or operations performed by you or on your behalf including but not limited to work by contractors or subcontractors directly or indirectly on your behalf; and

(2) materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance of "your work" and

(2) the providing of or failure to provide warning or instruction.

(Dkt. Nos. 28-7, 28-10, 28-13, 28-16.)

[6] "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a) When all of the work called for by your contract has been completed.

(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

> j. Damage Arising Out of Your Work
>
> "Property damage" to "your work" or any other property, arising out of or in any way related to "your work" or any part of it. This exclusion only applies to "property damage" included in the "products completed operations hazard."

(Dkt. Nos. 28-7, 28-10, 28-13, 28-16.)

In the two underlying lawsuits, the South Building HOA and DIA allege that CHAC performed work as, respectively, the "construction manager, contractor or subcontractor" and the "general contractor" and that the damages were caused by that work. Construing Exclusion h.(5) against Mt. Hawley, the coverage that CHAC seeks is carved out by this exclusion. *See McPherson By and Through McPherson v. Michigan Mut. Ins.*, 426 S.E.2d 770, 771-72 (S.C. 1993) ("[W]e hold that for the purpose of construing an exclusionary clause in a general liability policy, 'arising out of' should be narrowly construed as 'caused by.'") The South Building HOA and DIA further allege that construction must be repaired or replaced as a result of CHAC's inadequate performance, as carved out by Exclusion h.(6), and that damage related to CHAC's work on the property, as carved out by Exclusion j. Exclusions h.(6) and j. are limited by the products-completed operations hazard, which includes damage arising out of the contractor's work once the part of the work done has been put to its "intended use" by someone or something other than the contractor. The South Building HOA allege that its claims against CHAC arise out of the sale of the project to owners and DIA alleges that the condominiums were owned by unit owners before or during CHAC's performance. (Dkt. No. 28-22 ¶ 11; 28-20 ¶¶ 3, 21.) Mt. Hawley has satisfied its burden of demonstrating that the policies' exclusions apply to the claims for negligence and breach of the implied warrant of workmanlike service brought by the South Building HOA and

---

(Dkt. Nos. 28-7, 28-10, 28-13, 28-16.)

DIA. Mt. Hawley, therefore, has no duty to indemnify or defend CHAC under the 2006 through 2009 policies.

Reviewing the pleadings and their exhibits in a light most favorable to non-movant, the loss for which CHAC seeks coverage—property damage to the North and South buildings resulting from defects caused by CHAC's negligent work as general contractor—is excluded from coverage. Mt. Hawley is therefore entitled to judgment on the pleadings that it does not owe a duty to indemnify or defend CHAC with respect to the two underlying lawsuits.

## III. Conclusion

For the foregoing reasons, Mt. Hawley Insurance Company's motion for judgment on the pleadings (Dkt. No. 33) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 18, 2020
Charleston, South Carolina